UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDAN SEAN LYNCH, | ) |
| Petitioner, | ) |
| v. | ) No. 4:16CV1525 ERW |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on petitioner Brendan Sean Lynch's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In the motion, petitioner seeks relief based solely upon the Supreme Court's June 26, 2015 decision in *Johnson v. U.S.*, 135 S.Ct. 2551 (2015). The motion appears to be time-barred, and the Court will order petitioner to show cause why it should not be summarily dismissed.

On March 26, 2014, petitioner pled guilty to conspiracy to distribute a controlled substance and conspiracy to commit money laundering. On June 25, 2014, the Court sentenced petitioner to 100 months' imprisonment. He did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the petitioner. *Id.*

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116 118 (2nd Cir. 2005). In this case, the judgment became final on July 9, 2014, fourteen days after it was entered. Fed. R. App. P. 4(b)(1). In addition, the Supreme Court case on which petitioner exclusively relies, *Johnson v. U.S.*, 135 S. Ct. 2551 (2015), was decided on June 26, 2015. Petitioner signed the instant motion to vacate and placed it in the prison mail system on September 21,

2016, after the expiration of the one-year statute of limitations. Therefore, it appears to be time-barred. The Respondent will not be required to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Memorandum and Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 29th day of September, 2016.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE