UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDAN SEAN LYNCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1525 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments do not warrant the application of equitable tolling in this case, and that the Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) must therefore be dismissed as time-barred.[2]

On March 26, 2014, petitioner pled guilty to conspiracy to distribute a controlled substance and conspiracy to commit money laundering. On June 25, 2014, the Court sentenced petitioner to a 100-month term of imprisonment. He did not appeal. In the instant motion, petitioner argues solely that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualifies as a career offender because his prior convictions are no longer grounds for enhancement under U.S.S.G. § 4B1.1(a). The Supreme Court decided *Johnson* on June 26, 2015. Petitioner placed the instant § 2255 motion in the prison mail system on September 21, 2016.

---

[1] On September 29, 2016, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred.

[2] The Court will also deny as moot petitioner's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2), because no filing fee is required.

1

Section 2255(f) of 28 U.S.C. provides, in relevant part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

. . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review

. . .

In his response to the Order to Show Cause, petitioner asserts that he should be excused from the one-year statute of limitations because he is proceeding pro se and is indigent, he has no access to a law library, he was unaware of the time limitation for filing the instant motion, he has been in a "lockdown" environment since February 11, 2015, he may be able to seek relief based upon a case which is currently pending in the United States Supreme Court, and he had a cast on his arm until May 4, 2016 (or June 4, 2016, depending on how petitioner's handwriting is interpreted).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper in cases such as the one at bar only when: (1) extraordinary circumstances beyond the prisoner's control make it impossible to file a petition on time, or (2) when the conduct of the respondent has lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Petitioner fails to meet the foregoing standards.

Equitable tolling is "an exceedingly narrow window of relief." *Id.*at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *see also Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

Lockdowns generally do not constitute extraordinary circumstances warranting equitable tolling, *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D. N.Y. 2002), but equitable tolling can be justified "when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). In the case at bar, however, petitioner provides no information indicating he was improperly placed in a lockdown environment, or that such placement was due to anything other than his own misbehavior. In addition, even though petitioner alleges that he has been in lockdown since February 11, 2015, he has managed to file not only the instant Motion to Vacate, but other documents with the Court as well. Accordingly, it cannot be said that being in a lockdown environment was beyond petitioner's control, s*ee Sontoya v. Minnesota*, 2015 WL 5472740 (D. Minn. September 17, 2015), or even that it prevented him from filing pleadings in this Court. It therefore cannot warrant the application of equitable tolling in this case.

Finally, the potential that petitioner may be able to seek relief based upon a case that is not yet decided is irrelevant to the question of whether equitable tolling is warranted in the instant case, and the fact that petitioner's arm was in a cast until May 4, 2016 (or even June 4,

2016) does not warrant the application of equitable tolling. Petitioner had until June 26, 2016 to file the instant Motion to Vacate.

Because the instant Motion to Vacate is untimely and because petitioner has presented no circumstances warranting the application of equitable tolling, the Court concludes that the Motion is time-barred under 28 U.S.C. § 2255(f), and will therefore dismiss it pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion to Vacate, Set Aside or Correct Sentence brought pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. 28 U.S.C. § 2255(f); Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. A separate order of dismissal will be filed herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is **DENIED** as moot.

Dated this 20th day of October, 2016.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE